RICHARD P. TERHUNE, appellant,

*v.*

THE MIDLAND RAILROAD COMPANY OF NEW JERSEY respondent.

1. The cases in this court which hold that, on an appeal from an order refusing a preliminary injunction, the case must be heard, on the appeal, on the same facts that were before the court of chancery, do not deprive this court, on the hearing of the appeal, of the right to exercise that discretion upon which the allowance or refusal of an injection rests.

2. This court, notwithstanding the fact that the act sought to be enjoined by a preliminary injunction may have been accomplished, may hear and adjudge the right on which a preliminary injunction should have been granted, or, in its discretion, leave the decision of such matters until final hearing.

On appeal from an order of the court of chancery, discharging a rule to show cause why a preliminary injunction should not issue.

*Mr. J. A. McCreery*, for appellant.

*Mr. J. W. Taylor*, for respondent.

The opinion of the court was delivered by

DEPUE, J.

In *Morgan* v. *Rose, 7 C. E. Gr. 583*, this court held that an appeal will lie from an order refusing a preliminary injunction; and in the earlier case of *N. J. Franklinite Co.* v. *Ames, 1 Beas. 507*, it was decided that a case must be heard on appeal on the same facts that were before the court of chancery when the matter was heard there. The rulings in these cases were re-affirmed and applied in this court in *Black* v. *Delaware and Raritan Canal Co., 9 C. E. Gr. 455*.

This right of appeal from the denial of a preliminary injunction is not taken away by the fact that the act sought to be enjoined may possibly have been already accomplished, and in some respects, therefore, an order of reversal might be inefficacious. The court may, on such an appeal, hear and adjudge the right upon which a preliminary injunction should have been granted.

In *Trustees of Huntington* v. *Nicoll, 3 Johns. 566*, the appeal was from an order granting a temporary injunction enjoining the trial of an action at law at the next circuit. The injunction had expired by its own limitation, before the appeal was taken, and, there being no order of the chancellor in force on which a reversal could operate, the appeal was dismissed.

It is not necessary to decide, at this time, whether, if it be admitted by counsel that occasion for a preliminary injunction has passed, the court may not, in its discretion, accept and act upon such an admission.

Terhune *v.* Midland R. R. Co.

But the decisions of the court above referred to do not deprive this court, in the hearing of appeals of this class, of the right to exercise that discretion upon which the allowance or refusal of a preliminary injunction rests.

The appellant is the owner of five shares of the capital stock of the Midland Railroad Company, and of its income bonds, of the par value of $64,554; and of its scrip to the value of $50. He filed his bill to enjoin the proposed consolidation of the company with other corporations under and by virtue of an act entitled " An act to authorize railroad companies incorporated under the laws of this and adjoining states, to merge and consolidate their corporate franchises and other property," approved March 25th, 1881. *P. L. of 1881 p. 222.*

Section 8 of the act provides for compensation to the stockholders of the consolidating companies who shall refuse to convert their stock into the stock of the corporation formed by the consolidation; and the proviso contained in the fourth section preserves unimpaired all the rights of creditors and all liens upon the property of each of the said corporations.

The appellant contends that the act of 1881 is unconstitutional, in that adequate means for compensating dissentient stockholders are not provided by section 8; that the consent of two-thirds of the stockholders of the Midland Railroad Company to the consolidation was fraudulently obtained, and that the railroads so consolidated did not form a continuous line of railroad within the meaning of the act of 1881.

The application for a preliminary injunction was heard before the vice-chancellor, on bill, answer and affidavits; and the vice-chancellor, on the hearing, discharged the rule.

It is by no means clear that, upon the case made before the vice-chancellor, the complainant was entitled to a preliminary injunction; and we think that the consideration and decision of the questions in issue should be left until the final hearing.

The order appealed from should be affirmed.

*Decree unanimously affirmed.*